Kenneth G. Heath
Mary Heath,
50164 Bronte Dr. East
Shelby, Mich, 48315
586-532-1154

# United States District Court
IN THE DISTRICT OF COLUMBIA

Kenneth G. Heath,
Mary Heath,                                    Case No. 1:05-cv-02331

        Plaintiff(s),

v.

United States
        Defendant.

### OBJECTION TO MOTION TO DISMISS
### FOR IMPROPER SERVICE

Plaintiff(s')('s) object(s) to and move to strike defendants' motion to dismiss and shows the court as follows:

1. Defendant's motion insults the intelligence of the plaintiff(s) and the court.

2. Defendant sets forth as a motion to dismiss that defendant has been improperly served pursuant to Rule 4(c)(2) alleging that the complaint and summons were served by Kenneth G. Heath.

3. Defendant's attorney is trained and knows the rules and which rules apply to what.

4. Defendant's attorney knows that Rule 4(c)(2) applies to personal service only.

5. Defendant's attorney knows that Rule 4(i)(1)(b) applies to service on the United States as defendants' attorney points out defendants' motion.

6. Defendant's attorney knows that Rule 4(i)(1)(b) is silent as to who may sign the

return of service.

7. Defendant is in default and has interposed its motion for the sole purpose of delaying this litigation and for increasing the cost and expense of this litigation.

8. The record shows that defendant was properly served in accordance with Civ P. Rule 4(i)(1)(b).

9. The record shows that defendant has not properly answered the complaint.

10. Council's eleventh hour attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. Sanctions under Fed.R.Civ.P 11(b) should be imposed.

Wherefore, plaintiff(s) move the court to strike/deny defendant's motion to dismiss and grant default judgement in favor of the plaintiff(s) for the relief demanded in the complaint.

Dated: March 22, 2006

_____
Kenneth G. Heath

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing and a copy of the amended complaint on defendant's attorney at his address of record.

Dated March 22, 2006

_____
Kenneth G. Heath

# United States District Court
## IN THE DISTRICT OF COLUMBIA

Kenneth G. Heath,
Mary Heath,,

Case No. 1:05-cv-02331

        Plaintiff(s),

v.

United States

        Defendant.

## OBJECTION AND RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### I
### INTRODUCTION

1. Plaintiff hereby alleges that defendant's Motion to Dismiss is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law and insults the intelligence of this court and the plaintiff.

2. Counsel's Motion to Dismiss illustrates Counsel's misreading, misunderstanding, mischaracterization and misrepresentation of facts before the Court.

3. Counsel seeks to dismiss on the basis of non-existent grounds, and to perpetrate a fraud upon the Court.

4. Plaintiff(s) withdraw their claim for injunctive relief and refund.

### II
### MOTION'S "EXHAUSTION" GROUNDS MISREPRESENT LAW

5. Counsel knows, or should know, that exhaustion of administrative remedies, first imposed in the 1988 Taxpayer Bill of Rights as a jurisdictional pre-requisite, was removed by the Taxpayer Bill of Rights II in 1996. Although exhaustion was reinstated in Public Law 105-206, the IRS Restructuring and Reform Act of 1998, it was reinstated solely with respect to award of judgment - not jurisdiction.

6. Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. The Court has subject matter jurisdiction of suits brought under Internal Revenue Code section 7433, and may make findings of fact as to exhaustion for purposes of a later award. Sanctions under Fed.R.Civ.P 11(b) should be imposed (See Brief on Exhaustion of Administrative Remedies Filed concurrently with this Response).

7. Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement potentially violates District Ethics Rule 3.1 Meritorious Claims and Contentions. The Rule prohibits attorneys from raising frivolous, bad faith issues:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

8. The Committee comments to E.R. 3.1 explain:

> [1] *The advocate has a duty* to use legal procedure for the fullest benefit of the client's cause, but also a duty *not to abuse legal procedure*. The law, both procedural and substantive, establishes the limits within which an advocate may proceed.
> [2] *** *What is required of lawyers, however, is that they inform themselves*

> *about the facts of their clients' cases and the applicable law and determine that they can make good faith arguments in support of their clients' positions. \*\*\* The action is frivolous, however, if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.*

9. Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement clearly shows that Counsel failed the obligations of E.R. 3.1, as interpreted by the Committee comments.

10. Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement violates Ethical Rule 3.3 Candor Toward the Tribunal. The Rule is crystal clear:

    > (a) A lawyer shall not *knowingly*:
    > (1) *make a false statement of fact or law* to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
    > (2) fail to disclose to the tribunal *legal authority* in the controlling jurisdiction *known to the lawyer to be directly adverse to the position of the client* and not disclosed by opposing counsel; or
    > (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.
    >
    > (b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

11. Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement clearly shows that Counsel failed the obligations of E.R. 3.3, as interpreted by the Committee comments.

III

## MOTION'S ATTACHMENT ILLUSTRATES FUTILITY OF FURTHER "EXHAUSTION"

12. Counsel's Motion to Dismiss is intended to conceal the fact that IRS has not and cannot produce a properly executed summary record of assessment. This intent is inferred by the fact that Counsel knows, or should know, that his/her client has admitted, in other actions, a pattern of failure to properly execute summary record(s) of assessment, to wit:

    A.  In March v. Internal Revenue Service (10th Cir.) 02-2087, decided 02/25/2003, McKay, Circuit Judge, observed:

    > "[T]he IRS concedes that "when the Debtors argue that the 23C Forms were never produced, it is because they probably do not physically exist." Aple. Br. at 15 n.2. In other words, the IRS gets the benefit of a presumption that they admit is likely false."

13. Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. <u>Huff v United States</u>, 10 F3d 1440 (9th Cir. 1993) and <u>Mulvania v U.S.</u> 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these

documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment)

14. By seeking to dismiss on the basis of misreading, misunderstanding mischaracterization, and misrepresentation, Counsel assists his/her client in concealing evidence. By seeking to vacate on the grounds set forth in counsels motion council disregards an important question of fact and seeks the benefit of a presumption that council's client admits is likely false.

15. Counsel's filing constitutes Ethical Rule 8.4 Misconduct:

   It is professional misconduct for a lawyer to:

   (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

   (d) engage in conduct that is prejudicial to the administration of justice;

   (e) state or imply an ability to influence improperly a government agency or

official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

16. Counsel was, as are all applicants to the BAR, required to sign an oath, pursuant to Title 28 United States Code, Appendix, Rules of the Supreme Court, PART II.

### ATTORNEYS AND COUNSELORS

Rule 5.
4. Each applicant shall sign the following oath or affirmation:
I, ................, do solemnly swear (or affirm) that as an attorney and as a counselor of this Court, I will conduct myself uprightly and according to law, and that I will support the Constitution of the United States.

17. Counsel has breached that oath.

18. Plaintiff withdraws his request for injunctive relief and for a refund of taxes and seeks only damages pursuant to 26 U. S. C. §7433.

WHEREFORE, Plaintiff(s) request(s) the Court strike/deny defendants' motion to dismiss.

Dated: March 22, 2006

_____
Kenneth G. Heath
50164 Bronte Dr. East
Shelby, Mich, 48315

_____
Mary Heath
50164 Bronte Dr. East
Shelby, Mich, 48315

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendant's attorney at his/her address of record.

Dated March 22, 2006

Kenneth G. Heath v. United States.    page 6 of 7 pages    Objection and Response to Defendants' Motion To Dismiss

_____
Kenneth G. Heath

Kenneth G. Heath
Mary Heath,
50164 Bronte Dr. East
Shelby, Mich, 48315

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

Kenneth G. Heath
Mary Heath,

          Plaintiff(s),

Case No. 1:05-cv-02331

v.

United States
          Defendant.

### RESPONSE TO UNITED STATES' NOTICE OF RELATED CASES

Plaintiff(s) respond(s) to the United States' Notice of Related Cases.

Defendant has filed a frivolous and unwarranted pleading entitled Notice of Related Cases. Plaintiff(s) allege(s) that defendant's Notice of Related Cases is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law and insults the intelligence of this court and the plaintiff. Counsel complains to the court that plaintiff's complaint is nearly identical to a submitted list of complaints filed in this court.

In making the claims set forth, defense counsel has opened the door to questions regarding the inner workings of his/her department. Plaintiff(s) demand(s) to know exactly

how many of these 'nearly identical' cases counsel is responsible for answering. Does Counsel claim to be responsible for answering every case on the submitted list? Counsel has wasted the Courts' and the plaintiff('s)(s') time by squandering his/her efforts on cases other than the ones to which he/she is assigned. If Counsel admits to only being responsible for one or two cases, counsel has clearly attempted to misrepresent the facts before the Court. Plaintiff(s) do/does not understand Defense Counsels whining. Plaintiff(s) request(s) the Court render a determination as to whether or not Counsel for the Defense is claiming incompetence.

Plaintiff(s) have no idea what counsel wishes either the plaintiff(s) or the court to do with defendants' Notice of related cases. Said pleading does not ask for a response from the plaintiff(s) nor does it request a response from the court, nor does it present any cognizable issue that is relevant to any matter raised in plaintiff('s)(s') complaint.

The record shows that plaintiff(s) have no related cases in this Court or any other United States court. Plaintiff(s) have/has no knowledge of the cases listed in counsel's Notice of Related Cases. Plaintiff(s) have/has not been served copies of the listed cases, nor have/has plaintiff(s) read the listed cases. Plaintiff(s) have/has no knowledge as to who plaintiff(s) are in the listed cases. To the extent that the listed cases allege facts similar to the facts alleged in plaintiff(s)' complaint the listed cases are sufficient to establish a pattern of unlawful activity on the part of the IRS.

Plaintiff(s) request(s) the court to regard defendants' notice as an admission of a pattern of unlawful activity, in violation of 18 U.S.C. §1964(a) - racketeering, by the IRS, and take judicial notice that the aforementioned Notice of Related Cases is evidence that others are also complaining that the IRS is engaging in similar pattern of unlawful activity.

Plaintiff(s), additionally, respectfully request(s) the Court render a determination as to whether defense counsel should be required by the Court to identify exactly how many of the identical cases defense counsel has entered motion and/or answers into this court or in the alternative strike counsel's pleading and grant sanctions to plaintiff(s) to compensate plaintiff(s) for his/her/their time to respond to counsel's frivolous pleading.

Dated _March 22_, 2006

_____     _____
Kenneth G. Heath                  Mary Heath

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on Defendants' Counsel at his address of record.

Dated _March 22_, 2006

_____
Kenneth G. Heath