IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH G. HEATH & <br> MARY HEATH, <br>     Plaintiffs, <br>     v. <br> UNITED STATES, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )    No: 1:06-cv-2331 (EGS) <br> ) <br> ) <br> ) <br> ) |

**<u>UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

Plaintiffs have filed two pleadings with respect to the United States' motion to dismiss: 1) "Response to Motion to Dismiss — Exhaustion of Administrative Remedies" (Pl. Resp.); and 2) "Objection and Response to Defendants' [sic] Motion to Dismiss" (Pl. Obj.). The United States submits this reply to address the specific assertions in these two pleadings. The United States otherwise relies on its motion to dismiss.

STATEMENT

This is a civil action in which plaintiffs allege that, beginning with an unstated tax year, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them. The United States moved to dismiss asserting that service of process was deficient, the Court lacks subject matter jurisdiction as plaintiffs failed to establish that

they exhausted their administrative remedies as required by 26 U.S.C. §§ 7422 and 7433, and plaintiffs' request for injunctive relief is barred by the Anti-Injunction Act.1/

In their Response, plaintiffs ask the Court to invoke its equity jurisdiction (Pl. Resp. at 1) and challenge the validity of the regulation requiring a taxpayer to file an administrative claim for damages. (Id. at 2.) In their Objection, plaintiffs ask for Fed. R. Civ. P. 11 sanctions. Plaintiffs' arguments fail. As discussed below, the regulation is valid, equity jurisdiction is inappropriate, and rule 11 sanctions are inappropriate.

## THE REGULATION IS VALID

Plaintiffs assert that 26 U.S.C. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating and amending 7433; and by effectively converting a '7433 damages' claim into at '7422 refund' claim." (Pl. Resp. at 2.) Plaintiffs' claim of regulatory invalidity fails for two reasons.

First, because plaintiffs have not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, their claim of regulatory invalidity is not ripe for adjudication.

---

1/ Plaintiffs' response and objection deal solely with the exhaustion requirement of section 7433 and rule 11 sanctions, and do not challenge the United States' arguments regarding service of process, exhaustion under section 7422, and the Anti-injunction Act. Accordingly, plaintiffs appear to have conceded these arguments. Any one of these conceded bases warrants dismissal of plaintiffs' complaint.

Second, the regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a

court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (J. Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow

individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed

determination. By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.2/ Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review. The regulation is plainly valid.

## EQUITY JURISDICTION IS INAPPROPRIATE

Plaintiffs ask the Court to invoke its equity jurisdiction. Plaintiffs seek damages which "remain today a remedy at law." *Sparrow v. Comm'r*, 949 F.2d 434,437 (D.C. Cir. 1991) (citing *Curtis v. Loether*, 415 U.S. 189 (1974)). As such, an exercise of equity jurisdiction is inappropriate. *See also Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (J. Huvelle); *Glass v. United States*, 2006 U.S. Dist. LEXIS 14908 2006 (D.D.C. 2006) (J. Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (J. Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (J. Huvelle).

## RULE 11 SANCTIONS ARE INAPPROPRIATE

Plaintiffs ask the Court to impose sanctions under Fed. R. Civ. P. 11. Plaintiffs do not present any reason for these sanctions. Moreover, plaintiffs' request is procedurally improper as they failed to serve a motion for sanctions upon the United States

---

2/ The section also includes an exception. If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing his administrative claim.

describing "the specific conduct alleged to violate [Fed. R. Civ. P. 11(b)]." Fed. R. Civ. P. 11(c). Plaintiffs' request should be denied.

## CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

DATE: May 1, 2006.                  Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #664266
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone:  (202) 307-6390


OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS was served upon plaintiffs *pro se* on May 1, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>KENNETH G. HEATH
>MARY HEATH
>Plaintiffs *pro se*
>50164 Bronte Drive East
>Shelby, MI 48315

>/s/ Pat S. Genis
>PAT S. GENIS #446244

1676633.1